NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| H&R BLOCK BANK, | : | |
| Plaintiff, | : | Civil No. 11-cv-3358 (RBK/KMW) |
| v. | : | **OPINION** |
| JBW HOLDINGS, LLC, JAMES B. WILSON, and JOANN L. CABALLERO, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of H&R Block Bank ("Plaintiff") to vacate the Court's July 17, 2012 Order dismissing this action pursuant to L. Civ. R. 41.1(a), and to reinstate the case. Plaintiff moves for relief from a final order under Fed. R. Civ. P. 60(b). For the reasons stated herein, Plaintiff's motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff holds a mortgage that James Wilson entered into on behalf of JBW Holdings. Wilson later leased the property which is the subject of the mortgage to Joann Caballero. After obtaining an Order of Foreclosure in New Jersey Superior Court, Plaintiff commenced this action, seeking to evict Caballero, and to set aside and avoid the lease of the subject property that JBW Holdings granted to Caballero. Plaintiff filed its complaint on June 8, 2011, and a summons was issued the same date. Plaintiff then amended the complaint and served it upon all

1

defendants. After none of the defendants filed a pleading, appeared, or otherwise defended the action, Plaintiff moved for default judgment as to all defendants on October 5, 2011. On February 23, 2012, the Court entered an Order denying Plaintiff's motion for default judgment on the ground that Plaintiff had not satisfied the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 et. seq.

On June 29, 2012, the office of the Clerk of the Court notified Plaintiff's counsel of record that the Court would dismiss the action for lack of prosecution pursuant to L. Civ. R. 41.1(a) unless Plaintiff filed an affidavit showing good faith efforts to prosecute this action. When Plaintiff failed to respond, the Court entered an order on July 19, 2012, dismissing this case.

On July 18, 2013, Plaintiff filed the instant motion seeking to reinstate this action. Plaintiff's counsel addresses Plaintiff's failure to respond to the June 29, 2012 notice of call for dismissal by stating that a partner for the Plaintiff's attorneys who had a significant role in this litigation departed from the firm. Plaintiff states that "[t]his change in personnel created some uncertainty and confusion" as to whether the firm would continue to represent Plaintiff. Pl. Mot. to Vacate at 4. In addition, Plaintiff states that a manager at H&R Block who was responsible for this litigation left his job at H&R Block. Pl. Mot. to Vacate at 4.

## II. LEGAL STANDARD

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise or excusable neglect," among other reasons that are not applicable to Plaintiff's instant motion. Fed R. Civ. P. 60(b). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances." Tobin v. Gordon, 614 F. Supp.

514, 530 (D. Del. 2009) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)). A party is entitled to relief under Rule 60(b) "whenever such action is appropriate to accomplish justice," but only in "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (internal quotations omitted). A showing of "extraordinary circumstances" usually suggests "that the party is faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 393 (1993). However, the Court may grant relief, if the fault is "excusable" and the party seeks relief within one year. Id.

### III. DISCUSSION

Plaintiff seeks relief on "excusable neglect" grounds. In evaluating whether a party's neglect is "excusable" for purposes of Rule 60(b), courts should consider four factors: "1) the danger of prejudice to the non-movant; 2) the length of delay; 3) the potential impact on judicial proceedings; and 4) the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith." Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P., 121 Fed. Appx. 971, 974-76 (3d Cir. 2005). In weighing these factors, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs., 507 U.S. at 396.

The Court finds that the length of the delay weighs against Plaintiff. This action was dismissed on July 19, 2012. Plaintiff filed the motion to vacate on July 18, 2013, only one day prior to the one-year mark, after which Plaintiff's motion would have been barred by the one-year limit set forth in Fed. R. Civ. P. 60(c)(1). The Court concludes that this is a serious delay. Further, Plaintiff failed to respond to the notice of call for dismissal issued by the court.

3

The Court concludes that the factor weighing the reasons for the delays, including whether they were within Plaintiff's reasonable control, likewise weighs against Plaintiff. Plaintiff's alleged reason for failing to prosecute the case, failing to reply to the call for dismissal, and failing to move for relief until almost one year after the order of dismissal is the departure of a partner from the law firm representing Plaintiff and the departure of a manager from Plaintiff's organization. The Court finds that all of these actions were within the Plaintiff's reasonable control. Plaintiff has not shown why the responsibilities of the departing partner could not have been reassigned to another attorney within a reasonable period of time, or why another employee of the Plaintiff organization could not have assumed responsibility for the litigation. In fact, the Court notes that the attorney for Plaintiff who has been counsel of record since the inception of this case, and who signed the original complaint, the amended complaint, and the motion for default judgment now signs the instant motion to vacate, evidently having remained continuously with the law firm representing Plaintiff. Plaintiff—who must be held responsible for errors of counsel—has likewise not shown why it was not within the "reasonable control" of this attorney to prevent such a lengthy delay in prosecuting this case.

In considering this factor, the Court also finds that Plaintiff did not act in "good faith" as the term is used in the context of excusable neglect. The Third Circuit has stated that "a party acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." Kohl's Dep't Stores, 121 Fed. Appx. at 976. In waiting until one day shy of a year from the order of dismissal to file the instant motion, it does not appear to the Court that Plaintiff acted with "reasonable haste" in determining whether Plaintiff wished to continue this action or whether the law firm representing Plaintiff would continue such representation after the departure of the aforementioned partner.

4

Plaintiff argues that the factors of danger of prejudice to the defendants and the potential impact on judicial proceedings weigh in its favor. However, given the sparsity of the record, the Court is not in a position to fully evaluate the issues of potential prejudice and potential impact of the delay on the proceedings. In any event, even assuming <u>arguendo</u> that these factors weigh in Plaintiff's favor, the Court concludes that under the totality of the circumstances, Plaintiff's neglect in prosecuting this action is not "excusable."

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate is **DENIED**. Accordingly, this case remains **CLOSED**.


Dated:  9/17/2013                                   /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                    United States District Judge